■ Werner Ek Building Corp., Respondent, v. Melrose Lumber Company, Inc., Appellant.— Order entered on or about November 20, 1962 denying summary judgment for defendant reversed, on the law and the facts, with $20 costs and disbursements to the appellant, and motion granted, with $10 costs. Plaintiff sues on a contract to erect a building on defendant's lot. Admittedly, the building was not completed and plaintiff admits that it left the job. Its claim is that it was forced off the job. Nothing in the affidavit supports that contention. When a portion of the work had been done the architect supervising the job pointed out certain deviations from the contract and required that they be corrected. Some of these are conceded, but plaintiff claims that correction could be made at a later time. Others plaintiff claims were the result of prior oral directions from defendant. There is no denial that plaintiff refused to make the corrections and abandoned the job. Its claim is that the letter of the architect calling attention to the deviations from the contract forced it off the job. Assuming that plaintiff's version of the events that took place is correct, no issue is presented. Concur — McNally, Stevens, Eager and Steuer, JJ. Rabin, J., dissents in the following memorandum: I dissent and vote to affirm the order denying summary judgment to the defendant. In my opinion there is a triable issue raised relative to the alleged making of the oral agreements between the plaintiff and the defendant — the contracting parties — authorizing and directing deviations from the plans and specifications. I am also of the opinion that the provision in the building contract requiring that the contractor comply with the architect's instructions as to corrections, may not be construed as meaning that any and all refusals by the contractor to comply in and of themselves constitute a breach of the contract. If indeed it should develop that the plans had been changed by agreement between the contracting parties and that substantial construction had been completed in accordance with such changed plans, then an order by the architect to remove such construction, with a further direction to rebuild following the original plans, could be considered arbitrary. Under such circumstances plaintiff's refusal to comply might be justifiable. The rule of reason must be applied in construing the provisions relevant to following the direction of the architect.